07-5182

EPHRAIM TAHIR MELLA, ESQ.
Law Offices of Tahir Mella
1814 Callowhill Street, 1st Flr.
Philadelphia, Pennsylvania 19130
Tel. (215) 640-9770
Attorney for Petitioner
Validation Signature Code : ETM 4546

PA Bar #69549

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLAS CASAS-OSORIO,

   Petitioner,

v.

MICHAEL B. MUKASEY, U.S. Attorney General; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, US Citizenship and Immigration Services; and DISTRICT DIRECTOR, Philadelphia District Office,

   Respondents.

Civil Case No._____

For: **MANDAMUS and DECLARATORY JUDGMENT, w/ Motion for Summary Judgment, and Order to Show Cause**

# PETITION

PETITIONER, NICOLAS CASAS-OSORIO ("Petitioner") by counsel, respectfully FILES this Complaint for Mandamus and Injunction, on the following grounds, thus -

## I. PREFATORY STATEMENT

This is a petition for writ of mandamus and declaratory judgment, with motion for summary judgment, to compel the Respondents, to review the US Embassy's decision in Mexico denying the Petitioner's application for immigrant visa, and imposing a 10-year bar against him, despite the fact that Petitioner was granted a discretionary waiver to reapply for reentry in the United States (I-212 RELIEF).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The antecedent and operative facts of the case may be summarized as follows, thus –

Petitioner entered without inspection at the US border in Douglas, Arizona on December 1, 1995. He was served with a Notice to Appear on June 16, 1998, and appeared before an immigration judge who ordered him deported on June 25, 1998, because he was deemed inadmissible, pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("Act"). Consequently, he was sent back to Mexico, and was barred from re-entry for a period of five (5) years from 1998.

In September, 2002, however, Petitioner re-entered the United States without again being inspected at the border. Subsequently, he married his wife, a US citizen, and she filed on his behalf an application to make him a US permanent resident. The United States Citizenship and Immigration

Services (USCIS), with whom said application was filed, approved it on April 21, 2004.

However, the USCIS indicated in its Approval Notice that Petitioner cannot adjust his status in the US, since he was deemed an inadmissible alien. In such an instance, the immigrant papers of Petitioner go to the National Visa Center (NVC) for processing, and then to the US Consulate in Mexico, for issuance of the visa. Petitioner was advised to go to Mexico, since he had to be outside the United States to apply for a green card.

While Petitioner's documents were in process, Petitioner was advised to file an "Application to Reenter After Deportation" (Form I-212) on August 22, 2005, to cure his inadmissibility under Section 212(a)(9)(A)(iii) of the Act. The approval of the waiver is a condition precedent before the Petitioner could be issued an immigrant visa, since he re-entered the United States within 5 years from the date of his removal. However, said application was denied by the USCIS on October 20, 2005, allegedly on the ground that "unfavorable factors outweigh the favorable ones."

On appeal, however, the decision of the USCIS was reversed by the Administrative Appeals Unit (AAU), and in lieu of said denial, Petitioner's application for waiver was granted on September 28, 2006, and forwarded to the US Embassy in Mexico, for completion of the visa process.

3

In Mexico, Petitioner was notified by the US Embassy to appear for an interview at the Immigrant Visa Section on June 27, 2006. Petitioner requested a resetting, however, on the ground that he was still seeking advance permission from the Attorney General before applying for entry to the US. On September 28, 2006, the Attorney General finally approved Petitioner's waiver request, and forwarded it to the US Consulate in Mexico. On the date of his re-scheduled interview, however, the consular officer told Petitioner that he could not give him a visa, and that he is barred to re-enter the Unite States for ten (10) years. The US Consulate determined that Petitioner's deportation order is retroactive to the date of his re-entry to the United States under the "reinstatement provision" in INA § 245(a)(5). Hence, this petition.

## III. STATEMENT OF JURISDICTION

Petitioner asserts jurisdiction under 28 U.S.C. § 1361 (the Mandamus Act), 5 U.S.C. § 551, (the Administrative Procedures Act, "APA"), and 28 U.S.C. § 1331.

The Mandamus Act, codified at 28 USC § 1361 says, in its entirety :

"1361. Action to compel an officer of the United States to perform his duty.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

A writ of mandamus is an extraordinary remedy. *Allied Chemical v. Daiflon, Inc.*, 449 U.S. 33 (1980). The district court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

A writ of mandamus is appropriate only where: 1) the plaintiff's claim is clear and certain; 2) the defendant official's duty to act is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and 3) no other adequate remedy is available. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th. Cir. 1994).

On the other hand, Declaratory Judgment under 28 U.S.C. § 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction…, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

## IV. GROUNDS RELIED UPON BY PETITIONER FOR ISSUANCE OF WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

In this action, Mandamus and Declaratory Judgment will apply to compel the Respondents, particularly the Department of Homeland Security (DHS) and the US Embassy in Mexico, to review its denial of Petitioner's application for immigrant visa, and the imposition of a 10-year bar against him, despite the fact that Petitioner was granted a discretionary waiver to reapply for reentry permit in the United States (I-

212 RELIEF). Petitioner contends that the US Embassy in Mexico countermanded the I-212 approval issued by the DHS, by denying Petitioner's immigrant visa, which is contrary to the established visa issuance procedures. In resolving this matter, Petitioner raises the following issues, in order to seek clarification of certain points of law, and to request the Court to grant the reliefs as prayed for in this petition, thus -

### 1. Whether or not the "reinstatement provision" under INA § 245(a)(5); 8 U.S.C. § 1231(a)(5) is "impermissibly retroactive" when applied to deportation orders entered AFTER the enactment of the 1996 revisions of the immigration law (IIRIRA).

The "reinstatement provision" is not a bar to Petitioner's application for immigrant visa in the US Embassy in Mexico. The "reinstatement provision" under INA § 245(a)(5) only applies to situations in which the deportation order was issued prior to the enactment of the IIRIRA in 1996. Since Petitioner was deported to Mexico on June 25, 1998, after the passage of IIRIRA, the application of the "reinstatement provision" was impermissibly applied retroactively.

Moreover, the "reinstatement provision" is not a bar to Petitioner's application for immigrant visa, since he applied for said visa in the US Consulate in Mexico *prior* to the initiation of reinstatement proceedings against him, and Petitioner was granted permission to re-apply for admission by the Attorney General *before* his deportation order was reinstated §212(a)(9)(A). Given the fact that Petitioner applied for the waiver before his deportation order was revived, he was not yet subject to its terms and, therefore, was not barred from applying for relief.

The DHS' regulations, as well as prior decisions of the BIA, confirm the fact that §212(a)(9)(A)(discretionary waiver to reapply for reentry permit) is available on a *nunc pro tunc* basis, in which Petitioner receives permission to reapply for admission after he or she has already reentered the country. In this case, Petitioner has been granted a *nunc pro tunc* waiver in the United States, and he has demonstrated that the grant to him of retroactive permission to reapply (Form 212 waiver) falls under those two (2) instances in which the grant would effect a complete disposition of the case. These instances include (1) where the only ground of deportability or inadmissibility would thereby be eliminated; or (2) where the alien would receive a grant of adjustment of status in conjunction with the grant of any appropriate waiver of inadmissibility.

Under those premises, there is no dispute that Petitioner is eligible to receive his immigrant visa from the US Embassy in Mexico. Firstly, he has a bona-fide marriage to a US citizen, and he has an approved I-130 immigrant relative petition. Secondly, Petitioner has been granted a waiver of his inadmissibility by the government. Finally, his grant of retroactive permission to reapply (Form 212 waiver) is combined with other appropriate waivers of inadmissibility, such as §212(i) extreme hardship waiver, to make him eligible for an immigrant visa, so that a remand to the US consulate for discretionary determination can be granted.

In the case of *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783, 791 (9th Cir. 2004), it was held that an inadmissible alien – one who had been removed

and reentered the country – was nevertheless eligible for penalty-fee adjustment of status. *8 CFR 212.2(e) and (i)(2)* expressly permit applicants for adjustment of status who have been previously removed or deported to apply for permission to reapply within the United States.

To harmonize the provisions of *8 CFR 212.2(e)* and *INA § 212(a)(9)(Alien Previously Removed deemed Inadmissible)*, the Court stated thus: If permission to reapply is granted, the approval of Form 212 is retroactive to the date on which the alien entered the country, and therefore, the alien is no longer subject to the 10 year bar, or to the grounds of inadmissibility in § 212(a)(9). This interpretation conforms with the reading of 245(i) which permits illegal aliens, including previously removed, who can demonstrate the requisite family ties, and pay the requisite fee, to apply for adjustment of status.

**2. Whether or not Petitioner is entitled to be issued an immigrant visa, since he has been granted a waiver under Section 212(a)(9)(B)(v) of the Act. The US Embassy's refusal to grant him such visa is contrary to the established immigration rules and procedures.**

There is no doubt that Petitioner is entitled to be issued an immigrant visa from the US Embassy in Mexico, since he is the beneficiary of an approved waiver under 212(a)(9)(B)(v) of the Act, which applies solely to applicants who establish extreme hardship on the part of their US citizen spouse and children.

The waiver request was granted because the record indicates that Petitioner was able to prove extreme hardship on the part of his wife and children.

Record will bear that he entered the United States without inspection. In September, 2002, Petitioner re-entered the United States without again being inspected at the border. Subsequently, he married his wife, a US citizen, with whom he had a stepchild. In May, 2003, Petitioner's spouse filed a Form I-130 on his behalf, which was approved on April 21, 2004. In July, 2006, Petitioner's child was born. Subsequently, Petitioner voluntarily departed the United States. On August 22, 2005, Petitioner filed Form I-601. On October 20, 2005, the USCIS denied the Petitioner's Form I-601, finding that "unfavorable factors outweigh the favorable ones." On appeal, however, the Administrative Appeals Unit (AAU) reversed the decision of the USCIS, and approved Petitioner's waiver request.

A section *212(a)(9)(B)(v)* waiver of the bar to admission resulting from section *212(a)(9)(B)(i)(II)* of the Act is dependent first upon a showing that the bar imposes an extreme hardship to the citizen spouse or children of the applicant. Once extreme hardship is established, it is but one favorable factor to be considered in the determination of whether the Secretary should exercise discretion. *See Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996).

In the instant case, Petitioner was able to meet the requirements for a waiver of his grounds of inadmissibility, by establishing that his US

9

citizen wife and children would suffer extreme hardship if his waiver of inadmissibility were denied. Besides extreme hardship, Petitioner was able to show that he had other favorable factors, consisting among others, of his good moral character, length of time he had been in the United States, his lack of knowledge that he was deported, his having no criminal record in the United States, and his voluntary departure from the United States. Since his favorable factors outweigh the unfavorable factors, a favorable exercise of the Respondents' discretion was warranted in this matter.

Since Petitioner is no longer deemed inadmissible, the US Embassy in Mexico should have granted him an immigrant visa in order for Petitioner to reside in the United States with his US citizen wife and children. In refusing to grant him said visa and imposing a 10-year bar against him, the US Embassy, however, committed an abuse of discretion, tantamount to lack of, or excess of jurisdiction, and countermanded established rules and regulations of the immigration law.

Petitioner therefore has to resort to judicial action pursuant to 8 U.S.C. § 1447(b), to prevent irreparable harm and injury. 1447(b) provides this Court with the authority to determine whether Petitioner has shown either a probability of success on the merits and the possibility of irreparable injury. Moreover, that serious legal hardships are raised and the balance of hardships tips sharply in the Petitioner's favor. *Lopez v. Heckler*, 713 F. 2d 1432, 1435, 463 U.S. 1328 (1983).

The case of *Arthurs v. INS*, 959 F.2d 142, 143-144 (9th Cir. 1992) states that, "These standards represent the outer extremes of the continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified."

In the case at bar, Petitioner is entitled to the relief demanded, which is to be entitled to an immigrant visa, and the whole or part of such relief consists in ordering Respondents to review the decision of the US Embassy in Mexico in the most expeditious manner possible.

If Petitioner has no eligibility for relief, it makes sense simply to allow the government to refuse to grant his visa. But where there is a provision for relief, the government must provide a forum to apply for such relief. The forum is the District Court, and since there is no other speedy, immediate, and adequate remedy available to Petitioner, the actions for mandamus and declaratory judgment are justified.

## CONCLUSION

WHEREFORE, it is respectfully prayed that, after due hearing, the writs of mandamus and declaratory judgment be issued against the Respondents, to compel the Respondents to review the US Embassy's decision in Mexico denying the Petitioner's application for immigrant visa, and imposing a 10-year bar against him, despite the fact that Petitioner was granted a discretionary waiver to reapply for reentry permit in the United States (I-212 RELIEF).

Petitioner prays for such further relief as may be just and equitable under the circumstances.

_____
Ephraim Tahir Mella, Esquire,
Attorney for the Petitioner

Dated: December 3, 2007.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2007, I caused to be served the following document:

**COMPLAINT FOR MANDAMUS
AND DECLARATORY JUDGMENT**

_____ by HAND DELIVERY to the person/s at the address set forth low.

\_\_✓\_\_ by regular mail to the person/s at the address set forth below.

**OFFICE OF THE GENERAL COUNSEL
OFFICE OF IMMIGRATION LITIGATION
US DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044**

I declare under penalty of perjury that the foregoing is true and correct.

_____
Ephraim Tahir Mella, Esquire,

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLAS CASAS-OSORIO, | |
| Petitioner, | Civil Case No._____ |
| v. | For: **MANDAMUS** and **DECLARATORY JUDGMENT, w/ Motion for Summary Judgment, and Order to Show Cause** |
| **MICHAEL B. MUKASEY**, U.S. Attorney General, et al. | |
| Respondents. | |

## ORDER

Before this Court is a Petition for Mandamus and Declaratory Judgment filed by Petitioner, for the purpose of compelling Respondents to review the US Consulate's decision denying the Petitioner's application for immigrant visa, and imposing a 10-year bar against him, and after careful scrutiny of the merits of this case, to grant the relief as prayed for by Petitioner for issuance of an immigrant visa in his favor, in order for Petitioner to rejoin his family in the United States..

Upon consideration of the merits of said Petition, we find the same meritorious, and hereby orders Respondents to show cause why said Writs of Mandamus and Declaratory Judgment should not issue.

SO ORDERED.

_____
J.