## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NICOLAS CASAS-OSORIO, | : | |
| Petitioner, | : | |
| | : | **CIVIL ACTION** |
| v. | : | **NO. 07-5182** |
| | : | |
| MICHAEL B. MUKASEY, U.S. Attorney | : | |
| General; SECRETARY, Department of | : | |
| State; and Ciuadad Juarez, COUNSEL | : | |
| GENERAL, U.S. Consulate General, | : | |
| | : | |
| Respondents. | : | |
| | : | |

### ORDER & MEMORANDUM

### ORDER

**AND NOW,** this 29th day of July, 2008, upon consideration of Respondents' Motion to

Dismiss the Amended Petition  (Document No. 11, filed May 13, 2008) and the arguments set

forth in the Amended Petition for Writ of Mandamus and Declaratory Judgment, with Motion for

Summary Judgment and Order to Show Cause (Document No. 9, filed April 16, 2008),[1] for the

reasons set forth in the attached Memorandum, **IT IS ORDERED** that Respondents' Motion to

Dismiss the Amended Petition is **GRANTED**, and the Amended Petition for Writ of Mandamus

and Declaratory Judgment, with Motion for Summary Judgment and Order to Show Cause, is

**DISMISSED AND DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mark this

case **CLOSED.**

---

[1]  Petitioner did not file a formal response to respondents' Motion to Dismiss the
Amended Petition.  In a letter to Chambers, counsel for Petitioner stated that "[p]etitioner
manifests to this Hon. Court that it desires to incorporate and implead all of the arguments in his
petition . . . as forming part and parcel of his opposition to Respondent's Motion to Dismiss."
(Letter to Chambers dated June 13, 2008.)

<u>**MEMORANDUM**</u>

**I.  INTRODUCTION**

On April 16, 2008, petitioner Nicolas Casas-Osorio filed an Amended Petition for Writ of

Mandamus and Declaratory Judgment, with Motion for Summary Judgment, and Order to Show

Cause, to compel respondents to "review the [United States] Embassy's decision in Mexico

denying [his] application for [an] immigrant visa, and imposing a 10-year bar against him . . . . "

(Am. Pet. 2, 5.)  On May 13, 2008, respondents filed a Motion to Dismiss the Amended Petition,

arguing that the Court lacks subject matter jurisdiction over petitioner's claim.  For the reasons

set forth below, respondents' Motion to Dismiss the Amended Petition is granted.

**II.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint

for "lack of jurisdiction over the subject matter" of a case.  Fed. R. Civ. P. 12(b)(1).  In

evaluating a motion to dismiss under Rule 12(b)(1), the Court must first determine whether it is

confronted with a facial or factual challenge to its jurisdiction.  <u>Gould Elecs., Inc. v. United</u>

<u>States</u>, 220 F.3d 169, 176 (3d Cir. 2000).  A motion that "attack[s] the complaint on its face" is

known as a facial challenge, while a motion that "attack[s] the existence of subject matter

jurisdiction in fact . . . apart from any pleadings" is a factual challenge.  <u>See</u> <u>Mortensen v. First</u>

<u>Fed. Sav. & Loan Assoc.</u>, 549 F.2d 884, 891 (3d Cir. 1977).

"Although [Respondents] failed to label [their] motion as either a factual attack or a facial

attack, it is clear that [they] chose the latter approach, because [the motion] concentrates on

challenging the federal cause of action alleged in the complaint and argues that this claim is, as a

matter of law, simply not cognizable . . . ."  <u>Barrister v. Wendy's Intern., Inc.</u>, 1993 WL 293896,

at \*5 (E.D. Pa. July 30, 1993).

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." <u>Gould Elecs.</u>, 220 F.3d at 176.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner first entered the United States without inspection on December 1, 1995.  In 1998, petitioner was ordered removed and deemed inadmissible for a period of five years pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA" or "Act"). (Am. Pet. 2.)  That section of the Act states: "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."  INA § 212(a)(6)(A)(i); 8 U.S.C. § 1182(a)(6)(A)(i).

In September, 2002, petitioner again entered the United States without inspection. Subsequently, petitioner married a United States citizen, who filed an application to adjust petitioner's status to permanent resident.  That application was approved by the United States Citizenship and Immigration Services ("USCIS") on April 21, 2004.  (Am. Pet. 3.)  However, according to petitioner, USCIS stated in its "Approval Notice" that petitioner could not adjust his status while in the United States because he had been deemed an inadmissible alien.  (Am. Pet. 3.)  Petitioner claims that he was advised to go to Mexico and from there "apply for a green card."  (Am. Pet. 3.)

"While Petitioner's documents were in process, Petitioner was advised to file an 'Application to Reenter After Deportation' (Form I-212) . . . to cure his inadmissibility under

3

Section 212(a)(9)(A)(iii) of the [INA]."[2]  (Am. Pet. 3.)  Accordingly, petitioner filed an I-212 application but it was denied by USCIS on the ground that "unfavorable factors outweigh the favorable ones."  (Am. Pet. 3.)  That decision by USCIS was later reversed by the agency's Administrative Appeals Unit ("AAU").  On September 28, 2006, petitioner's application for waiver was granted and forwarded to the U.S. Embassy in Mexico for completion of the visa process.  (Am. Pet. 3.)

Despite the fact that petitioner received an I-212 waiver, a "consular officer [in Mexico] told Petitioner that he could not give him a visa, and that he [was] barred [from] re-enter[ing] the Unite[d] States for ten (10) years.  The US Consulate determined that Petitioner's deportation order [was] retroactive to the date of his re-entry to the United States under the 'reinstatement provision' in INA § 245(a)(5)."  (Am. Pet. 4.)

Petitioner contends that the consular officer's decision "countermanded established rules and regulations of the immigration law."  (Am. Pet. 10.)  He now seeks judicial review "in order to seek clarification of certain points of law, and to request the Court to grant the relief as prayed for in this petition . . . ."[3]  (Am. Pet. 6.)  "Petitioner asserts jurisdiction under 28 U.S.C. § 1361 (the Mandamus Act), 5 U.S.C. § 551, (the Administrative Procedures Act, "APA"), and 28

---

[2]  Section 212(a)(9)(A)(iii) of the INA provides that the bar against aliens previously ordered removed does not apply where the Attorney General "has consented to the alien's reapplying for admission."  8 U.S.C. § 1182(a)(9)(A)(iii).

[3]  Although in the "Prefatory Statement" the petition states that it seeks to compel respondents to "review the US Embassy's decision denying the Petitioner's application for [an] immigrant visa . . .," (Am. Pet. 2), it later states the following: "[P]etitioner is entitled to the relief demanded, which is to be entitled to an immigrant visa, and the whole or part of such relief consists in ordering Respondents to review the decision of the US Embassy in Mexico in the most expeditious manner possible."  (Am. Pet. 11.)

U.S.C. § 1331."[4]  (Am. Pet. 4.)

## IV. DISCUSSION

Respondents argue that the petition for writ of mandamus and declaratory judgment must be dismissed for two reasons.  First, respondents argue that mandamus is improper because they have no legal authority to issue visas or to review the decision of a consular official to grant or withhold a visa.  See Garcia v. Baker, 765 F. Supp. 426, 428 (N.D. Ill. 1990) ("Neither the Attorney General nor the Secretary of State can require consular officers to grant or deny visa applications, and they are without power to issue visas."); 8 U.S.C. §§ 1103(a), 1104(a), 1201(a).  Second, respondents assert that the Court lacks jurisdiction to review the decision of a consular official in a foreign country to deny a visa.  See, e.g., Saavedra Bruno v. Albright, 197 F.3d 1153, 1159 (D.C. Cir. 1999) ("a consular official's decision to issue or withhold a visa is not subject to judicial review").  The Court concludes that it lacks jurisdiction over this case under the doctrine of consular nonreviewability and grants the motion to dismiss the amended petition on that ground.[5]

---

[4]  The Petition also states that petitioner "ha[d] to resort to judicial action pursuant to 8 U.S.C. § 1447(b) . . . ."  (Am. Pet. 10.)  That statute has no bearing on this case.  Section 1447(b) "permits a district court to rule on an application for naturalization where more than 120 days have passed from the date on which the examination was conducted and in which no decision has been rendered."  See Elgergawi v. Secretary of Dept. of Homeland Sec., 170 Fed. App'x 231, 233 (3d Cir. 2006).

[5]  Although the Court concludes that it lacks subject matter jurisdiction over this case under the doctrine of consular nonreviewability, it nevertheless notes that petitioner is not entitled to issuance of a writ of mandamus.  "In order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion."  Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc) (internal quotations omitted), rev'd on other grounds, 418 U.S. 166 (1974).  Respondents owe no duty to petitioner to "review the . . . decision" of the

"It is well-settled that the decision of a consular official to grant or deny a visa is nonreviewable by courts, absent a Constitutional challenge by a United States citizen."  Am. Acad. of Religion v. Chertoff, 2007 WL 4527504, at *5 (S.D.N.Y. Dec. 20, 2007); see also De Castro v. Fairman, 164 Fed. App'x 930, 932 (11th Cir. 2006); Ahmed v. Dep't of Homeland Sec., 328 F.3d 383, 388 (7th Cir. 2003); Saavedra Bruno, 197 F.3d at 1159; Doan v. INS, 160 F.3d 508, 509 (8th Cir. 1999); Centeno v. Shultz, 817 F.2d 1212, 1213-14 (5th Cir. 1987) (per curiam); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir. 1981); Burrafato v. United States Dep't of State, 523 F.2d 554, 556-57 (2d Cir.1975); Sabataityte v. Powell, 2004 WL 2203708, at *2 (E.D. Pa. Sept. 27, 2004) ("Federal Courts do not have jurisdiction to review judgments regarding alien admissibility made by Executive Branch Officers outside the United States."). "This principle, now firmly rooted in our jurisprudence, has come to be known as the "doctrine of consular nonreviewability."  Am. Academy of Religion, 2007 WL 4527504, at *5.

The doctrine was developed by courts in recognition of the fact that the power to exclude aliens, or to prescribe the conditions for allowing aliens into the country, is, and has always been, vested in the political branches of our government.  See Saavedra, 197 F.3d at 1159 (citing, *inter alia*, The Chinese Exclusion Case, 130 U.S. 581, 609 (1889)); see also Harisiades v. Shaughnessy, 342 U.S. 580, 588-89 (1952) ("any policy toward aliens is vitally and intricately interwoven with contemporary policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government").

---

consular official in Mexico.  See Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986) ("consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review").  In fact, petitioner admits that respondents have discretion in this matter.  (See Am. Pet. 10) (stating that "a favorable exercise of the Respondents' *discretion* was warranted in this matter") (emphasis added).

"In view of the political nature of visa determinations and of the lack of any statute expressly authorizing judicial review of consular officers' actions," courts in nearly every circuit have "have adhered to the view that consular visa determinations are not subject to judicial review." Saavedra, 197 F.3d at 1159-60 (listing cases); see also Fiallo v. Bell, 430 U.S. 787, 792 (1977) (federal courts "have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control") (quoting Shaughnessy v. Mezei, 345 U.S. 206, 210 (1953)).

What is more, "[c]ourts have consistently rejected attacks on consular decisions, *whatever form they take*." Garcia, 765 F. Supp. at 428 (emphasis added); see also Romero v. Consulate of the United States, Barranquilla, Colombia, 860 F. Supp. 319, 322 (E.D. Va. 1994) ("[T]he doctrine of nonreviewability of consular officers' visa determinations is essentially without exception."). "Courts will not review immigration decisions of consular officers even where those decisions are based on action unauthorized by the INA, on procedural irregularities, or on errors of law." Doan v. I.N.S., 990 F. Supp. 744, 746-47 (E.D. Mo. 1997) (internal citations omitted); see also Garcia, 765 F. Supp. at 428 (no judicial review of consular official's decision "even upon allegations that the consular officer acted on erroneous information, that the INA did not authorize the officer's decisions, that the officer erroneously interpreted and applied the INA, or that the State Department failed to follow its own regulations") (internal citations omitted).

In this case, petitioner asserts that judicial review must obtain because respondents "countermanded established rules and regulations of the immigration law." (Am. Pet. 10.) Even if that statement by petitioner is true, petitioner is not entitled to judicial review. See Al

Makaaseb General Trading Co. v. Christopher, 1995 WL 110117, at *2 (S.D.N.Y. Mar. 13, 1995) ("[T]he fact that a consular officer may have erroneously interpreted and applied the INA, or indeed the fact that a consular officer's decision was not authorized by the INA, does not entitle visa applicants to relief.") (internal citations omitted); see also Centeno, 817 F.2d at 1213; Loza-Bedoya v. INS, 410 F.2d 343, 347 (9th Cir. 1969) ("Though erroneous this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not."). As one court explained, allowing judicial review where a consular official misapplies, or allegedly misapplies, the law would render the doctrine of consular nonreviewability meaningless. See Nsiah v. Perryman, 129 F.3d 119, 1997 WL 661184, at *1 (7th Cir. Oct. 17, 1997). "Petitioners who wanted their claims reviewed would simply cast the consul's denial as contrary to law." Id.

"Application of these principles clearly prevents this Court's exercise of jurisdiction over this case which seeks review of actions pertaining to the issuance of [a] visa[]." Al Makaaseb General Trading Co., 1995 WL 110117, at *2. Accordingly, respondents' Motion to Dismiss the Amended Petition is granted.

**V.  CONCLUSION**

For all the reasons stated above, respondents' Motion to Dismiss the Amended Petition is granted and the Amended Petition for Writ of Mandamus and Declaratory Judgment, with Motion for Summary Judgment and Order to Show Cause, is dismissed and denied.

**BY THE COURT:**

**/s/ Jan E. DuBois, J.**
**JAN E. DUBOIS, J.**

8